Hillsborough,
No. 5069.

EDWARD D. CLANCY *v.* STATE.

Argued October 2, 1962.
Decided October 31, 1962.

*Craig & Craig* and *Arthur J. Costakis* (*Mr. Costakis* orally), for the plaintiff.

*William Maynard*, Attorney General, *William F. Cann*, Assistant Attorney General, and *Ronald H. Bean*, Law Assistant (*Mr. Cann* orally), for the State.

Duncan, J. The plaintiff was the owner of a tract of land with a residence thereon situated at 1182 Hanover Street in Manchester. The tract was on the north side of the street, and approximately rectangular in shape, and consisted of 8.8 acres, with a frontage of 300 feet on the street and a depth of 1,300 feet. The house was situated about midway of the frontage and approximately 40 feet from the street, with a garage and out-buildings to the rear extending for a distance of some 120 feet north of the street. The balance of the tract to the rear of the buildings was open land which rose slightly at the northerly end of the tract, with a low point two-thirds of the distance from the street. The house, consisting of ten rooms, was built in 1908 but before the taking had been substantially rebuilt in 1960, following a fire.

In connection with the laying out of Interstate Route 93, the State on September 13, 1960 took in fee a triangular tract of land consisting of .4 acres which constituted the northwest corner of the plaintiff's land. Also taken was an easement for a gas transmission line about 20 feet wide and containing .2 acres, which bordered the hypotenuse of the triangular tract. Another easement was taken for a pole line for overhead transmission of electricity. This easement entered the plaintiff's property in a northerly direction from Hanover Street along 425 feet of his westerly boundary, extending easterly to within 30 to 35 feet of his buildings. It crossed his open land obliquely from a point on the east side of the right of way 250 feet north of the street proceeding northeasterly along a course roughly parallel to that of the more northerly easement. The right of way for electric lines was 135 feet wide where it crossed the plaintiff's land, and because of its angle traversed some 350 feet of his easterly boundary north of a point some 535 feet from Hanover Street. The easement covered a total of three acres of land, and called for erection of a line of five poles on the plaintiff's land, with provision for a second pole line parallel to the first within the same right of way.

The plaintiff's evidence tended to prove that his total damages approximated thirteen to fourteen thousand dollars, while the

State's evidence was that the damages were four thousand dollars. The only expert witness called by the plaintiff testified that in determining the damages he placed no value upon the buildings and the lot of approximately 200 by 200 feet upon which they stood; but that he estimated the value of the remaining unimproved land, before the taking, at $15,000, and after the taking "at best [at] $1,000 to $2,000." The State moved to strike his testimony upon the ground that the witness did not appraise the entire property, either before or after the taking.

In support of its exceptions the State relies upon the general proposition that the damages are to be computed with reference to the plaintiff's whole estate. See Annot. 6 A.L.R. 2d 1197; 18 Am. Jur., Eminent Domain, *p.* 910, *s.* 270. *Cf. Amoskeag-Lawrence Mills* v. *State,* 101 N. H. 392. "Unless circumstances render such division necessary, the logical and proper method is to treat the estate as a whole in making up the assessment." *Barker* v. *Publishers' Paper Co.,* 78 N. H. 571, 579. It is argued that this is not a case where appraisal of less than the whole tract is permissible.

The plaintiff's land consisted of a single parcel, and the State sought to prevent the reception of evidence of the value of a portion of it. In the circumstances presented, we see no error in the rulings of the Trial Court. This was not a case where the plaintiff sought "to 'pick and choose' segments of a tract of land, logically . . . a unit, so as to include parts favorable to his claim or exclude parts unfavorable." *Barnes* v. *Highway Commission,* 250 N. C. 378, 386. The plaintiff claimed no diminution in the value of his buildings by reason of the creation of the right of way which came within thirty-five feet of them. The State could claim no enhancement in the value of the buildings on that account, and it made no claim at the trial that adaptation of the land north of the buildings to use for residential purposes, which the plaintiff claimed to be its most valuable potential, would affect the value of the existing buildings. Hence for purposes of the trial the value of the existing buildings admittedly remained constant, both before and after the taking.

The jury was instructed, without exception by either party, to determine the difference "between the fair value of [the plaintiff's] whole property" before the taking, and "the fair value of what was left" after the taking. This and other instructions

given were consistent with the principles established by our decided cases. See *Edgcomb Steel Co.* v. *State,* 100 N. H. 480, 487. The value of the buildings remaining constant, the difference between the value of the whole property before and after the taking would necessarily be the same, whether the value of the buildings was omitted from both figures used in computing the difference, or was included in both. In either case, the difference found would represent a difference attributable solely to damages to the open land, apart from the buildings and the land immediately surrounding them.

The plaintiff did not seek to value the land and the improvements separately, and then to combine them. See Annot. 1 A.L.R. 2d 878; 4 Nichols on Eminent Domain, s. 13.11 [2]. It is true that duplication of damages should be avoided (*Berry* v. *State,* 103 N. H. 141, 144; *Cade* v. *United States,* 213 F. 2d 138 (4th Cir. 1954)), but no risk of duplication arose in this case. 4 Nichols on Eminent Domain, s. 14.232, *p.* 551 (1962). The State is in no position to complain because the plaintiff chose to waive any claim of depreciation in the value of the buildings, and to base his claim solely upon damages resulting from depreciation in the value of the open land. Like the evidence offered by the State in *Amoskeag-Lawrence Mills* v. *State, supra,* 101 N. H. 392, 398, the evidence received in this case "did not become incompetent because it did not relate to all of the damages which the plaintiff [might have] claimed to have suffered."

The rule of damages which the jury was told to follow was the rule which the State recognized to be applicable. The evidence objected to was competent evidence of damages to be thus determined. *Berry* v. *State, supra.* The State's exceptions are accordingly overruled.

*Judgment on the verdict.*

KENISON, C. J., did not sit; the others concurred.